# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 15, 2019

```
* * * * * * * * * * * * *   *
TIMOTHY W. MASSA,           *   No. 18-623V
                            *
         Petitioner,        *   Special Master Sanders
                            *
v.                          *
                            *
SECRETARY OF HEALTH         *   Dismissal; Insufficient Proof; Influenza
AND HUMAN SERVICES,         *   ("flu") Vaccine; Guillain-Barré syndrome
                            *   ("GBS")
         Respondent.        *
* * * * * * * * * * * * *   *
```

## DISMISSAL[1]

On May 2, 2018, Timothy W. Massa ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") as a result of the influenza ("flu") vaccine he received on September 21, 2016. Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On October 9, 2019, Petitioner filed an unopposed motion for a decision dismissing his petition. ECF No. 25. In his motion, Petitioner conceded that he "has been unable to secure evidence to prove entitlement to compensation in the [V]accine [P]rogram." *Id.* at 1. He continued, "to proceed further would be unreasonable and would waste the resources of the court, the Respondent and the [V]accine [P]rogram." *Id.* Petitioner further indicated that Respondent had no objection to his motion. *Id.*

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

To receive compensation under the Program, Petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injury was caused by the flu vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.