# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 4, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| TIMOTHY W. MASSA, | * | No. 18-623V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | UNPUBLISHED |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

William E. Cochran, Jr., Black McLaren, et al., PC, Memphis, TN, for Petitioner;
Lara A. Englund, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 2, 2018, Timothy W. Massa ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that he developed Guillain-Barré syndrome as a result of the influenza vaccine he received on September 21, 2016. *See* Pet. at 1, ECF No. 1. On October 9, 2019, Petitioner filed an unopposed motion for a decision dismissing the petition, and on October 15, 2019, the undersigned issued her decision dismissing the petition for insufficient proof. ECF No. 26.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 22, 2020, Petitioner filed a motion for attorneys' fees and costs. ECF No. 31 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $33,036.36, representing $26,969.50 in attorneys' fees and $6,066.86 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner has indicated that he has not incurred any out of pocket costs. Fees App. at 4. Respondent responded to the motion on January 28, 2020, stating that Respondent "defers to the Court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 32. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.     **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the undersigned finds that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is appropriate.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

a.     **Hourly Rate**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner requests the following rates for his counsel: for Mr. William Cochran, Jr., $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, and $391.00 per hour for work performed in 2019; for Mr. Michael McLaren, $440.00 per hour for work performed in 2017, $456.00 per hour for work performed in 2018, and $464.00 per hour for work performed in 2019; and for Mr. Chris Webb, $315.00 per hour for work performed in 2017, $326.00 per hour for work performed in 2018, and $338.00 per hour for work performed in 2019.

The undersigned finds these rates to be reasonable and consistent with what these Black McLaren et al. attorneys have previously been awarded for their vaccine program work. The only exception is Mr. McLaren's requested rate for 2018, which exceeds the maximum rate prescribed by the Fee Schedule for 2018. Accordingly, Mr. McLaren's 2018 work will be compensated at $455.00 per hour, resulting in a reduction of $1.90.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds a small reduction to the overall hours billed is necessary for several reasons. First, paralegals and law clerks billed time for administrative/clerical tasks such as receiving and paying medical records invoices. Next, routine filings by the Court and Respondent were frequently reviewed by two or even three individuals, leading to an excessive amount of time overall billed for their review. Finally, some of Mr. McLaren's billing entries seem erroneously included because they do not correspond to the other work being done at that time in the case (e.g. an entry on 9/24/18 to "Go over judgment" and an entry on 11/26/18 to "Go over motion for award of attorneys' fees" at a time when Respondent had not even filed his Report). Fees App. at 8-9.

For all these reasons, the undersigned finds that a five percent overall reduction to the award of attorneys' fees is necessary. This results in a reduction of $1,348.47. Petitioner is therefore awarded final attorneys' fees of $25,619.13.

---

[3] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $6,066.86 in attorneys' costs, comprised of acquiring medical records, the Court's filing fee, and work done by Petitioner's expert, Dr. Lawrence Steinman. Fees App. Ex. 3. Petitioner has provided adequate documentation of all these expenses, and all are reasonable in the undersigned's experience. Accordingly, the requested costs shall be awarded in full.

### II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $26,969.50 |
|---|---|
| (Reduction to Fees) | - ($1,350.37) |
| **Total Attorneys' Fees Awarded** | **$25,619.13** |
|  |  |
| Attorneys' Costs Requested | $6,066.86 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$6,066.86** |
|  |  |
| **Total Attorneys' Fees and Costs** | **$31,685.99** |

**Accordingly, the undersigned awards a lump sum in the amount of $31,685.99, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Mr. William Cochran, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.